# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **All American Oil & Gas Incorporated** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 20-0485894 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **9601 McAllister Freeway, Suite 221**<br>**San Antonio, TX 78216** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Bexar** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)   https://www.aaoginc.com

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor   **All American Oil & Gas Incorporated**   Case number (if known) _____
         Name

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __0055__

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ■ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   District _____  When _____  Case number _____
   District _____  When _____  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor  **See Attachment**            Relationship _____
    District _____  When _____  Case number, if known _____

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 2

| Debtor | All American Oil & Gas Incorporated | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☑ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☑ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

■ **Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/12/2018
             MM / DD / YYYY

X _____      **J. Don Collier**
Signature of authorized representative of debtor   Printed name

Title  **Controller and Treasurer**

**18. Signature of attorney**

X _____      Date  11/12/2018
Signature of attorney for debtor                     MM / DD / YYYY

**Deborah D. Williamson 21617500**
Printed name

**Dykema Gossett PLLC**
Firm name

**112 E. Pecan Street, Suite 1800**
**San Antonio, TX 78205-1521**
Number, Street, City, State & ZIP Code

Contact phone  **210-554-5500**     Email address  **dwilliamson@dykema.com**

**21617500 TX**
Bar number and State

Debtor  **All American Oil & Gas Incorporated**           Case number (*if known*) _____
        Name

| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| WESTERN DISTRICT OF TEXAS |
| Case number *(if known)* _____ Chapter __11__ |

☐ Check if this an amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| Debtor   | **Kern River Holdings Inc.** |      | Relationship to you    | **Subsidiary** |
|----------|------------------------------|------|------------------------|----------------|
| District | **Western District of Texas** | When | Case number, if known |                |
| Debtor   | **Western Power & Steam, Inc.** |    | Relationship to you    | **Subsidiary** |
| District | **Western District of Texas** | When | Case number, if known |                |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS

IN RE: §
§
ALL AMERICAN OIL & GAS INCORPORATED §
§ Case No. _____
§
§ Chapter 11
Debtor(s) §

**DECLARATION FOR ELECTRONIC FILING OF**
**BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)**

**PART I: DECLARATION OF PETITIONER:**

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case. I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and *I hereby declare under penalty of perjury* that the information provided therein, as well as the social security information disclosed in this document, is true and correct. I understand that this Declaration is to be filed with the Bankruptcy Court within seven (7) business days after the petition and lists of creditors have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐ *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* –
I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7. I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☑ *[Only include if petitioner is a corporation, partnership or limited liability company]* –
I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date: 11/12/2018   _____   _____
                    Debtor                        Joint Debtor
                    Tax ID 20-0485894
                    Soc. Sec. No. _____       Soc. Sec. No. _____

**PART II: DECLARATION OF ATTORNEY:**

I declare *under penalty of perjury* that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: 11/12/2018                                _____
                                                Attorney for Debtor

# CERTIFICATE AS TO RESOLUTIONS
# ADOPTED BY BOARD OF DIRECTORS OF
# ALL AMERICAN OIL & GAS INCORPORATED

I, the undersigned, being duly elected as Secretary of All American Oil & Gas Incorporated, a Delaware corporation (the "Company"), do hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "Board") at a meeting of the Board held on November 10, 2018, and such resolutions have not been amended or rescinded and are now in full force and effect:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of the Company on the date hereof; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of title 11 of the United States Code (the "Bankruptcy Code").

## Chapter 11 Filing

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code; and it is

**FURTHER RESOLVED** that the Company shall be, and hereby is, authorized to file a voluntary petition (the "Petition") for relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Western District of Texas ((the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing; and it is

**FURTHER RESOLVED**, that the president, chief executive officer, treasurer and the corporate secretary (collectively, the "Designated Officers"), and each of them acting alone, hereby is authorized, and directed, in the name and behalf of the Company, to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purpose of these resolutions; and it is

**FURTHER RESOLVED**, that the Designated Officers or any one of them be, and each hereby is, authorized to execute, deliver and file or cause to be executed, delivered and filed (or direct others to do so on their behalf as provided herein) all documents determined by any Designated Officer to be necessary or appropriate, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and

1

all other actions which he or she determines to be necessary and proper in connection with the Chapter 11 Case, such determination to be conclusively evidenced by the execution, delivery or filing thereof or the taking of any such other action by such Designated Officer; and it is

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Designated Officer or other agent of the Company to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the Designated Officers or any one of them be, and each hereby is, authorized and empowered to prepare, execute and deliver for and on behalf of the Company (as a debtor and debtor in possession, as applicable), and to cause the Company to perform its obligations under, such agreements, instruments, certificates and any and all other documents and amendments or other modifications necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions as may be determined to be necessary or appropriate by such Designated Officer in connection with the exercise or performance by the Company of its rights or obligations thereunder, or as may be determined to be necessary or appropriate by such Designated Officer in connection with the conduct of the Chapter 11 Case, including, without limitation, any disclosure statement and/or other plan documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be determined to be necessary or appropriate by the Designated Officer or Designated Officers so acting, such determination to be conclusively evidenced by the execution thereof by such Designated Officer; and it is

**FURTHER RESOLVED**, that the Designated Officers or any one of them be, and each hereby is, authorized and empowered to engage such further accountants, counsel, consultants or advisors and to do such other acts and things as may be determined to be necessary or appropriate by the Designated Officer or Designated Officers so acting in order to fully effectuate the purpose and intent of the foregoing resolutions and to accomplish the transactions contemplated thereby, such determination to be conclusively evidenced by the retention or taking of any such action by such Designated Officer.

### Retention of Professionals and Claims and Noticing Agent

**IT IS RESOLVED**, that the retention of the law firm of Hogan Lovells US LLP ("Hogan Lovells"), to represent the Company as general bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Hogan Lovells; and it is

**FURTHER RESOLVED**, that the retention of the law firm of Dykema Gossett PLLC ("Dykema"), to represent the Company as general bankruptcy co-counsel and Texas

2

bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Designated Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Dykema; and it is

**FURTHER RESOLVED**, that the retention of Houlihan Lokey ("Houlihan"), to provide the Company with financial advisory services on the terms set forth in its engagement letter between Houlihan and the Company, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of Houlihan; and it is

**FURTHER RESOLVED**, that the retention of BMC Group, Inc. ("BMC"), as notice, claims and balloting agent in connection with the Chapter 11 Case is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Officer, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of BMC.

### Subsidiary Filings

**IT IS RESOLVED**, that the Company hereby authorizes and consents to, and approves, in each case, to the extent necessary, each of Kern River Holdings Inc. and Western Power & Steam, Inc. (together, the "Subsidiaries") filing a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is

**FURTHER RESOLVED**, that the Designated Officers shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, the Company, in its role as sole shareholder of each of the Subsidiaries, to execute a written consent of the Company to Resolutions for each of the Subsidiaries with respect to a chapter 11 case of each of the Subsidiaries (including filing a petition for bankruptcy).

### Additional Resolutions

**IT IS RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified; and it is

3

4813-4407-8202.1

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by any officer of the Company or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED,** that any and all actions and transactions by any officer for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and it is

**FURTHER RESOLVED,** that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Designated Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions; and it is

**FURTHER RESOLVED,** that any Designated Officer of the Company hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the corporate secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company; and it is

**FURTHER RESOLVED,** that any Designated Officer of the Company shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver, and perform, or cause to be negotiated, executed, delivered, and performed, on behalf of, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any proper officer of the Company may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution, as may be deemed necessary, desirable or appropriate.

IN WITNESS WHEREOF, the undersigned has signed this Certificate as to Resolutions on this 10th day of November, 2018.

David J. Katz
Corporate Secretary and General Counsel

4