# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| ALL AMERICAN OIL & GAS INCORPORATED, *et al.*,[1] | § § § § | Case No. 18-52693-rbk |
| Debtors. | § § § | Jointly Administered Under Case No. 18-52693-rbk |

## DEBTORS' MOTION TO EXTEND THE EXCLUSIVITY PERIOD DURING WHICH ONLY THE DEBTORS MAY CONFIRM A PLAN

A hearing will be conducted on this matter on February 21, 2019, at 9:30 a.m. Central in Courtroom 1, Hipolito F. Garcia Federal Building and United States Courthouse, 615 East Houston Street, Floor 3, San Antonio, Texas 78205.

If you object to the relief requested, you must respond in writing, specifically answering each paragraph of this pleading. Unless otherwise directed by the Court, you must file your response with the Clerk of the Bankruptcy Court within twenty-four (24) days from the date you were served with this pleading. You must serve a copy of your response on the person who sent you the notice; otherwise, the Court may treat the pleading as unopposed and grant the relief requested.

**TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE RONALD B. KING:**

All American Oil & Gas Incorporated ("AAOG"), Kern River Holdings Inc. ("KRH"), and Western Power & Steam, Inc. ("WPS"), the debtors and debtors-in-possession (the "Debtors") in these chapter 11 cases (the "Cases"), and file this *Debtors' Motion to Extend the Exclusivity Period During Which Only the Debtors May Confirm a Plan* (the "Motion"). By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as

---

[1] The Debtors in these Cases, along with the last four digits of each Debtor's federal tax identification number are: All American Oil & Gas Incorporated (5894); Kern River Holdings Inc. (0508); and Western Power & Steam, Inc. (2088). The location of the Debtors' service address is: 9601 McAllister Freeway, Suite 221, San Antonio, Texas 78216.

**Exhibit A**, pursuant to 11 U.S.C. § 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending by ninety (90) days the exclusive periods during which only the Debtors may (a) file a chapter 11 plan (the "Plan") under sections 1121(b) and 1121(c)(2) (the "Exclusive Filing Period") and (b) confirm a Plan under section 1121(c)(3) (the "Exclusive Solicitation Period") (collectively, the "Exclusive Periods"). In support of the Motion, the Debtors respectfully state as follows:

## I. INTRODUCTION

1. As the Court has heard at prior hearings, the Debtors are negotiating a settlement with Creditor Kern Cal Oil 7 LLC ("KCO"), the Debtors' primary secured creditor. Specifically, the Debtors propose a transaction that will result in a sale or transfer of substantially all of their assets to KCO in exchange for a credit bid, assumption of certain liabilities, and additional consideration for the Debtors' estates. Settlement with KCO would increase the Debtors' ability to consummate a successful reorganization or liquidation plan in these Cases, creating certainty for the Debtors, their creditors, and their estates during the current market volatility.

2. Pursuant to section 1121(c) of the Bankruptcy Code, the Debtors' deadline for the Exclusive Filing Period is March 12, 2018, and the deadline for the Exclusive Solicitations Period is May 13, 2019.[2] In order to channel all resources and to focus on the complexity of the Cases, settlement negotiations with creditors and committees, and estimation of claims, the Debtors seek an order pursuant to section 1121(d) of the Bankruptcy Code extending the Exclusive Periods by ninety (90) days through and including June 10, 2019 for the Exclusive Filing Period and August 9, 2019 for the Exclusive Solicitation Period.

---

[2] The 180th day following the Petition Date falls on Sunday, May 12, 2019. The Debtors calculated the deadline for the Exclusive Solicitations Period pursuant to Fed. R. Bankr. P. 9006(a)(1)(c).

## II. JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The Court has authority to enter a final order granting relief pursuant to 28 U.S.C. § 157(b)(1), 11 U.S.C. §§ 105 and 1121, and Rule 3016 of the Federal Rules of Bankruptcy Procedure.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELEVANT BACKGROUND

7. On November 12, 2018, (the "Petition Date"), the Debtors commenced these Cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 26, 2018, KCO filed its *Motion for Appointment of an Examiner Pursuant to Bankruptcy Code Section 1104(c)* [ECF No. 102], which remains pending before the Court. As of the date of filing this Motion, no request for the appointment of a trustee has been made in the Cases.

8. On December 4, 2018, the United States Trustee filed its Notice of Appointment of Committee of Unsecured Creditors, appointing an unsecured creditors' committee (the "Creditors' Committee"). Additionally, though no formal equity committee has been appointed as of the filing of this Motion, separate counsel has appeared in these Cases on behalf of an ad hoc equity committee (the "Ad Hoc Committee" and, collectively with the Creditors' Committee, the "Committees").

9. A further description of the background of the Debtors and the events leading up to the filing of the Cases is provided in the *Declaration of Patrick R. Morris, President of All American Oil & Gas Incorporated, in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 27] (the "Morris Declaration").

### IV. RELIEF REQUESTED

10. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors request that the Court extend the Exclusive Periods by ninety (90) days through and including June 10, 2019 for the Exclusive Filing Period and August 9, 2019 for the Exclusive Solicitation Period. This is the Debtors' first request for an extension of the Exclusive Period deadlines, and, as of the date of filing this Motion, the Cases have been pending approximately two months. This request is without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

### V. BASIS FOR RELIEF REQUESTED

**A. The Court May Extend the Exclusivity Periods "For Cause."**

11. Section 1121(d) of the Bankruptcy Code allows the bankruptcy court to extend the Exclusivity Periods "for cause" on a timely request by a party in interest. *See* 11 U.S.C. § 1121(d)(1). The decision to extend the Exclusive Periods is committed to the sound discretion of the bankruptcy court and should be fact-specific. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006).

12. The legislative history of section 1121(d) of the Bankruptcy Code indicates that the initial 120-day period enumerated in section 1121(b) of the Bankruptcy Code is a starting point from which a court can extend more time. *See* H.R. REP. NO. 95-595, at 231, 232 (1978);

*see also In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987)("Any bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind [11 U.S.C.] § 1121.").

13. While the Bankruptcy Code does not define "cause," courts have considered the following factors when determining whether cause exists to grant an extension under 11 U.S.C. § 1121(d)(1):

| | |
|---|---|
| i. | The size and complexity of the case; |
| ii. | The necessity of sufficient time to negotiate and prepare adequate information; |
| iii. | The existence of good faith progress toward reorganization; |
| iv. | Whether the debtor is paying its bills as they come due; |
| v. | Whether the debtor has demonstrated reasonable prospects for filing a viable plan; |
| vi. | Whether the debtor has made progress in negotiating with creditors; |
| vii. | The length of time the case has been pending; |
| viii. | Whether the debtor is seeking the extension to pressure creditors; and |
| ix. | Whether unresolved contingencies exist. |

*Adelphia Commc'ns Corp.*, 352 B.R. at 587–90; *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citations omitted). A debtor need not demonstrate any certain number of the nine factors to show "cause." *Express One Int'l*, 194 B.R. at 100. Rather, the court should examine all the factors together in the context of a particular case. *Id.*; *see also In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1160 (5th Cir. 1988) (discussing "cause" as it relates to 11 U.S.C. § 1121(d) and the modification of a debtor's exclusivity periods). Consideration of an exclusivity motion should also involve "a broader, more global view—focused on what is best for these chapter 11 cases; most in keeping

with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of the case before the court. *Adelphia Commc'ns Corp.*, 352 B.R. at 582.

**B.      "Cause" Exists to Extend the Debtors' Exclusivity Periods.**

14.     Here, cause exists to grant the Debtors' requested extension of their Exclusivity Periods. The Cases involve over 1,260 parties-in-interest and have been designated as complex chapter 11 cases. *See generally* Order Granting Complex Chapter 11 Bankruptcy Case Treatment [ECF No. 55]. The complex nature of the Debtors' business operations has carried over into the Cases and demands continuous and significant attention by the Debtors, their advisors, and their counsel, particularly with respect to maintaining the Debtors' operations post-filing, fulfilling the Debtors' obligations as debtors-in-possession, and negotiating potential global settlements and resolutions with the Committees and creditors.

15.     Additionally, the Debtors are unable to formulate plans of reorganization until the Court estimates certain claims and rules on the Debtors' settlement with KCO. The Debtors are more likely to achieve positive results regarding settlements and resolutions without looming deadlines relating to the filing and soliciting of a Plan.

16.     Without an extension of the deadlines for the Exclusive Periods, the Debtors and their counsel would be forced to divert crucial, time-sensitive efforts relating to the estimation of certain creditors' claims and continued settlement negotiations with creditors and committees to focus instead on the filing and soliciting acceptance of a Plan.

## VI.      NO PRIOR REQUEST

17.     This is the Debtors' first request for an extension of the Exclusive Periods deadlines. The Debtors' purpose in seeking an extension of the deadlines of the Exclusive Periods is two-fold: (1) continue settlement negotiations with creditors and formulate the value

of certain claims, and (2) establish a viable chapter 11 exit strategy. The relief requested herein is not intended for the purpose of strong-arming or coercing the Debtors' creditors; rather, the Debtors seek an extension of the Exclusive Periods to wholly benefit their creditors and estates.

### VII. NO PREJUDICE TO CREDITORS OR PARTIES IN INTEREST

18. Finally, the Debtors continue to pay certain of the Debtors' debts as they come due post-petition. Thus, the requested ninety-day extension of the Exclusive Periods deadlines will not result in prejudice to the Debtors' creditors or parties in interest. The Debtors are committed to working diligently to reach a beneficial resolution of the Cases.

### VIII. NOTICE

Notice of this Motion has been provided to the Master Service List established pursuant to the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [ECF No. 55]. The Debtors submit that no further notice is required.

### IX. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) extend the Debtors' Exclusive Periods deadlines by ninety (90) days through and including June 10, 2019 for the Exclusive Filing Period and August 9, 2019 for the Exclusive Solicitation Period, and (ii) grant such other and further relief as is just and proper.

Dated: January 25, 2019.	Respectfully submitted,

*/s/ Deborah D. Williamson*
Deborah D. Williamson (TX 21617500)
dwilliamson@dykema.com
Patrick L. Huffstickler (TX 10199250)
phuffstickler@dykema.com
Danielle N. Rushing (TX 24086961)
drushing@dykema.com
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

*Counsel for Debtors and Debtors-in-Possession*

– and –

Richard L. Wynne (CA 120349)
*Pro hac vice* admission
richard.wynne@hoganlovells.com
Bennett L. Spiegel (CA 129558)
*Pro hac vice* admission
bennett.spiegel@hoganlovells.com
Erin N. Brady (CA 215038)
*Pro hac vice* admission
erin.brady@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

– and –

Christopher R. Bryant (NY 3934973)
*Pro hac vice* admission pending
chris.bryant@hoganlovells.com
John D. Beck (TX 24073898)
*Pro hac vice* admission
john.beck@hoganlovells.com
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Proposed Counsel for Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

      I certify that on January 25, 2019, the foregoing document was served by electronic notification by the Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Texas and by first-class mail to the parties on the Master Service List.

                                          */s/ Danielle N. Rushing*
                                          Danielle N. Rushing

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALL AMERICAN OIL & GAS | § | Case No. 18-52693-rbk |
| INCORPORATED, *et al.*,[1] | § | |
| | § | Jointly Administered Under |
| Debtors. | § | Case No. 18-52693-rbk |
| | § | |

## ORDER GRANTING DEBTORS' MOTION TO EXTEND THE EXCLUSIVITY PERIOD DURING WHICH ONLY THE DEBTORS MAY CONFIRM A PLAN

The Court has considered the *Debtors' Motion to Extend the Exclusivity Period During Which Only the Debtors May Confirm a Plan* (the "<u>Motion</u>").[2] The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: All American Oil & Gas Incorporated (5894); Kern River Holdings Inc. (0508); and Western Power & Steam, Inc. (2088). The location of the Debtors' service address is: 9601 McAllister Freeway, Suite 221, San Antonio, Texas 78216.

[2] Capitalized terms unless otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the constitutional authority to enter a Final Order on the Motion; (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (v) proper and adequate notice of the Motion has been given and that no other or further notice is necessary; (vi) all objections to the Motion have been resolved by this Order or are overruled in their entirety; and (vii) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.

**IT IS THEREFORE ORDERED** that the Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 1121(d), the Debtors' Exclusive Filing Period under 11 U.S.C. § 1121(c)(3) is hereby extended through and including **June 10, 2019**, and the Debtors' Exclusive Solicitations Period is hereby extended through and including **August 9, 2019**.

**IT IS FURTHER ORDERED** that the extensions granted herein are without prejudice to such further requests that may be made pursuant to 11 U.S.C. § 1121(d) by the Debtors or any party-in-interest, for cause shown, upon notice and hearing.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation and/or enforcement of this Order.

# # #

Prepared and submitted by:

Deborah D. Williamson (TX 21617500)
dwilliamson@dykema.com
Patrick L. Huffstickler (TX 10199250)
phuffstickler@dykema.com
Danielle N. Rushing (TX 24086961)
drushing@dykema.com
**DYKEMA GOSSETT PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395

*Counsel for Debtors and Debtors-in-Possession*

– and –

Richard L. Wynne (CA 120349)
*Pro hac vice* admission
richard.wynne@hoganlovells.com
Bennett L. Spiegel (CA 129558)
*Pro hac vice* admission
bennett.spiegel@hoganlovells.com
Erin N. Brady (CA 215038)
*Pro hac vice* admission
erin.brady@hoganlovells.com
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

– and –

Christopher R. Bryant (NY 3934973)
*Pro hac vice* admission pending
chris.bryant@hoganlovells.com
John D. Beck (TX 24073898)
*Pro hac vice* admission
john.beck@hoganlovells.com
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100

*Proposed Counsel for Debtors and Debtors-in-Possession*